IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**JONATHAN DAVID STRADER,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

CRIMINAL NO. 2:17cr74-1
CIVIL NO. 2:18cv662

## OPINION AND ORDER

This matter comes before the Court upon Jonathan David Strader's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. 122. In such motion, Petitioner asks the Court to vacate and correct his sentence on three grounds, each of which alleges that the performance of Petitioner's defense counsel violated his Sixth Amendment rights. As set forth below, Petitioner's § 2255 Motion is denied as to all claims except Ground Three.

### I.    PROCEDURAL HISTORY

On May 4, 2017, a federal grand jury sitting in Norfolk, Virginia named Petitioner and three co-defendants in an eight-count criminal indictment. ECF No. 3. Petitioner was charged with seven of the eight counts as follows: one count of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1); two counts of Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts 2, 4); one count of Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1) (Count 5); and three counts of Using a Communication Facility to Cause, Commit and Facilitate a Felony Violation of the Controlled

1

Substances Act, in violation of 21 U.S.C. § 843(b) (Counts 6–8). ECF No. 3. On August 22, 2017, Petitioner appeared before a magistrate judge of this Court and pled guilty to Count 1 pursuant to a written plea agreement with the United States (the "Government"). ECF No. 47.

On December 4, 2017, Petitioner appeared before the Court for sentencing. During the hearing, neither party objected to the contents of Petitioner's presentence investigation report ("PSR"), which determined that Petitioner had a total offense level of 39 and a criminal history category of VI, resulting in advisory range of 360 months to life in prison. PSR, ECF No. 80, ¶¶ 110–11. The Court accepted Petitioner's PSR without change, and sentenced Petitioner to the low-end of his Guidelines range: 360 months. ECF No. 93 at 2. Judgment was entered on December 5, 2017. Id. Petitioner did not appeal.

On December 3, 2018, Petitioner timely filed the instant § 2255 Motion and a supporting memorandum ("Pet. Mem."), ECF Nos. 122 and 123, which were docketed by the Clerk of this Court on December 14, 2018. See 18 U.S.C. § 2255(f)(1); Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule). Petitioner's Motion is now before the Court.

## II. STANDARD OF REVIEW

28 U.S.C. § 2255 allows a federal prisoner to move to "vacate, set aside or correct" a federal sentence on one of four grounds: "[1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Supreme Court has held that § 2255 is the appropriate vehicle by which a federal prisoner may challenge both his conviction and sentence. Davis v. United States, 417 U.S. 333, 343–44 (1974).

However, a § 2255 motion "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Generally, any claim that could have been raised at trial or on direct appeal,

2

but was not, is barred as procedurally defaulted. Bousley v. United States, 523 U.S. 614, 622 (1998). But this rule of default excludes claims of ineffective assistance of counsel, Massaro v. United States, 538 U.S. 500, 504 (2003), which are generally not cognizable on direct appeal unless the record on appeal conclusively shows ineffective assistance, United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (internal citation omitted).

To state a claim for ineffective assistance of counsel, the petitioner must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984), by showing (1) deficient performance of counsel and (2) resulting prejudice. To satisfy the first prong, the petitioner must articulate specific acts or omissions whereby "counsel's representation fell below an objective standard of reasonableness." Id. at 687–88. To satisfy the second prong, the petitioner must show that it is "reasonably likely" that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Harrington v. Richter, 562 U.S. 86, 111–12 (2011) (citing Strickland, 466 U.S. at 696). Moreover, "[t]he likelihood of a different result must be substantial, not just conceivable." Id. (citing Strickland, 466 U.S. at 693). Failure to satisfy either prong of Strickland is fatal to a petitioner's claim. Carillo-Morales v. United States, 952 F. Supp. 2d 797, 803 (E.D. Va. 2013).

Finally, when filing a § 2255 petition, the petitioner bears the burden of proving his grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). However, a pro se petitioner is entitled to have his petition and issues asserted therein construed liberally. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Upon reviewing a § 2255 motion, the district court may, in its discretion, summarily dismiss such motion without a hearing. Raines v. United States, 423 F.2d 526, 529–31 (4th Cir. 1970). But it may only do so if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

3

## III. DISCUSSION

In his § 2255 Motion and supporting memorandum, Petitioner asserts three grounds on which this Court should vacate his conviction and sentence, each alleging ineffective assistance by his defense counsel. The Court will address each of these grounds in turn.

### 1. Ground One: Counsel's Failure to Challenge Petitioner's 30-Year Sentence for His Conviction under 21 U.S.C. § 846.

First, Petitioner argues that his defense counsel was ineffective for "allowing him to be sentenced under 21 U.S.C. § 846 without any correlative charge under 21 U.S.C. §§ 841(a)(1), (b)(1)." ECF No. 122 at 1. In support, Petitioner argues that, without a correlating conviction under § 841, his "freestanding violation of § 846" was subject to the default penalty provision of § 841(b)(1)(C), which sets forth a maximum prison term of 20 years. ECF No. 123 at 2 (citing United States v. Brooks, 524 F.3d 549, 561 (4th Cir. 2007) (holding that the defendant's conspiracy offense was subject to the default penalty subsection of § 841(b)(1)(C) "[i]n the absence of a jury determination of [the] threshold quantity [of drugs], or an admission by [defendant] as to the drug quantity attributable to him")). For the reasons below, Petitioner's claim is without merit.

The federal drug conspiracy statute, 21 U.S.C. § 846, provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. The Fourth Circuit has held that the elements of § 846 conspiracy are "(1) an agreement between two or more persons to undertake conduct that would violate the laws of the United States relating to controlled substances and (2) the defendant's willful joinder in that agreement." United States v. Clark, 928 F.2d 639, 641–42 (4th Cir. 1991). Additionally, "for the statutory maximums and mandatory minimums of § 841(b) to apply in a drug conspiracy case, the jury must determine that the threshold drug amount was reasonably foreseeable to the

4

individual defendant." United States v. Foster, 507 F.3d 233, 251 (4th Cir. 2007). An independent violation of § 841(a) need not be proven.

In the instant case, Petitioner pled guilty to Count 1 of the indictment: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine. ECF No. 47. Petitioner's indictment and plea agreement expressly set forth the conspiracy statute under which he was charged in Count 1 (Section 846) and the penalty provisions under which he would be sentenced (subsections 841(a)(1) and (b)(1)(A)), which impose a mandatory minimum sentence of 10 years in prison up to a term of life. ECF No. 3 at 2; ECF No. 47 at 1. As set forth above, for Petitioner to be convicted of this offense and to be subject to the penalty provisions as charged, the Government would have to prove that Petitioner (1) knowingly agreed with one or more persons (2) to manufacture, distribute, or dispense or possess with intent to manufacture, distribute, or dispense methamphetamines; and (3) that it was reasonably foreseeable to Petitioner that such conduct would involve at least 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. See 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii).

The sworn Statement of Facts filed in support of Petitioner's guilty plea establishes each of these elements of Petitioner's offense, including the threshold quantity of methamphetamine. ECF No. 48. Specifically, the Statement of Facts identifies more than 71 grams of "ice" and more than 4,000 grams of a mixture or substance containing detectable amounts of methamphetamine attributable to Petitioner during the conspiracy. Id. Therefore, unlike the defendant in Brooks, Petitioner admitted to a drug quantity far exceeding the threshold quantity necessary for the penalty provisions of subsection 841(b)(1)(A)(viii) to apply to his case. In other words, Petitioner's sentence of 30 years in prison clearly did not exceed the maximum sentence allowed by law for his offense.

For these reasons, Ground One of Petitioner's § 2255 Motion fails to identify any error or omission made by his counsel and therefore fails to show that his counsel rendered deficient performance. Accordingly, Petitioner's first claim of ineffective assistance of counsel fails to satisfy the performance prong of <u>Strickland</u> and must be dismissed.

### 2. Ground Two: Counsel's Failure to Challenge the Petitioner's Offense-Level Calculation under the Sentencing Guidelines.

Petitioner next argues that his counsel was ineffective for failing to object to the calculation of Petitioner's advisory range under the Sentencing Guidelines at sentencing. Specifically, Petitioner claims that the Government could not meet its burden of proof on the four-level enhancement applied for Petitioner's aggravating role (PSR ¶ 26) and the two-level enhancement applied for possessing a dangerous weapon (PSR ¶ 23), and therefore argues that he would have received a lower sentence had his attorney objected to these enhancements. As set forth below, each of these claims is without merit.

#### a. <u>Petitioner's Aggravating Role Adjustment</u>

First, Petitioner argues that his defense counsel was ineffective for failing to object to the probation officer's application of a four-level enhancement pursuant to USSG § 3B1.1(a)(1) for being "an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive." ECF No. 123 at 4; <u>see</u> PSR ¶ 26. In support, Petitioner claims that the indictment alleges only four members of the conspiracy, not five, and that there was "no evidence that [Petitioner] 'organized,' 'managed,' or 'supervised' anyone." ECF No. 123, at 4.

USSG § 3B1.1(a)(1) provides that four levels should be added if "the defendant was an organizer or leader of a criminal activity that involved five or more persons participants or was otherwise extensive." The Guidelines' commentary instructs that a "participant" for this purpose is "a person who is criminally responsible for the commission of the offense but need not have

6

been convicted." USSG § 3B1.1, cmt., Note 1. Furthermore, in assessing whether the criminal organization is "otherwise extensive," "all persons involved during the course of the entire offense are to be considered." Id. § 3B1.1, cmt., Note 3.

In Petitioner's case, the sworn Statement of Facts establishes that Petitioner "was the *leader* of a methamphetamine trafficking organization based in the Hampton Roads area" and that such organization involved as participants his three co-defendants, Michael Nigma, Joey Strader, and David Lupton, as well as "other members." ECF No. 48 ¶¶ 2, 4 (emphasis added). Additional facts set forth in Petitioner's PSR also indicate that at least one other person ("CI-1") admitted to being involved in the conspiracy as a distributer. See PSR ¶ 14. Furthermore, another participant, William Gus Hart, who was charged and convicted in a separate criminal case in this Court, was determined to be a member of Petitioner's same drug trafficking organization and related to Petitioner's conspiracy. See United States v. Hart, No. 2:16cr141 (E.D. Va.) (Morgan, J.).

Based on the above, even if Petitioner's counsel had objected to the aggravating role enhancement at sentencing, the Government had sufficient evidence to prove that Petitioner's was a leader of criminal activity that involved five or more members or was "otherwise extensive" under USSG § 3B1.1(a)(1).[1] Therefore, Petitioner cannot show that his counsel's failure to object to this enhancement fell below an objective standard of reasonableness. Nor can Petitioner show that his sentence would likely be different had his counsel made the objection as required under Strickland.

---

[1] For these reasons, too, Petitioner's suggestion that his defense counsel should have argued for the application of the "minor role" adjustment in Chapter 3 is baseless. See ECF No. 123 at 5. The reduction in USSG § 3B1.2 is only available to participants who play a minor or minimal role in the offense as compared to other participants, and thus is not applicable to Petitioner who admitted that he was a leader of his drug-trafficking organization and had a clear understanding of and central involvement in the conspiracy. See USSG § 3B1.2, cmt. Note 3(C) (setting forth the factors for a mitigating role adjustment).

b. <u>Petitioner's Dangerous Weapon Enhancement</u>

Petitioner's second Guidelines-related challenge is to the dangerous weapon enhancement applied in paragraph 23 of his PSR. Petitioner argues that his defense counsel was ineffective for failing to object to this enhancement given that the Government's only purported evidence of Petitioner possessing a firearm was based on what Petitioner considers to be "uncorroborated" and "unidentified" sources. Mem., ECF No. 123, at 4.

USSG § 2D1.1(b)(1) provides that, if a dangerous weapon, such as a firearm, was possessed in connection with a drug offense, two levels should be added. The Guidelines' commentary instructs that the enhancement should be applied if the weapon was present during the offense "unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt., Note 11(A). In Petitioner's case, the probation officer relied on the following evidence from the Government's file when applying this enhancement:

- "CI-1 reported that he/she distributed methamphetamine for [Petitioner] and observed two or three guns in the car repair shop at the South Military Highway location where methamphetamine was packaged, sold, and stored. CI-1 also indicated that he/she observed [Petitioner] with a .22 caliber revolver. . ." PSR ¶ 14.

- "File material received from the Government indicated that jail calls between Joey Strader and [Petitioner] revealed that [Petitioner] was residing at the shop on South Military Highway and that he admitted to having a 'snub-nosed three fifty seven.' [Petitioner] stated that he pulled the .357 caliber firearm on a female who reportedly stole methamphetamine from him." PSR ¶ 15.

Notably, Petitioner does not contest the truth or accuracy of the above evidence in his Motion; rather, he argues that such evidence is "hearsay" and "uncorroborated" and that CI-1 is "unidentified." ECF No. 123 at 4. However, as set forth above, Petitioner must show prejudice to state a claim for ineffective assistance of counsel. That is, he must show that, but for his defense counsel's failure to make an objection to the enhancement at issue, Petitioner's sentence would

8

likely have been different. The Court finds that he has not made this showing.

At the outset, the Court notes that presenting evidence of the jail calls between Petitioner and his brother, Joey Strader, alone would have been sufficient to justify the application of the dangerous weapons enhancement in this case, making it more likely than not that Petitioner's objection would have been overruled. Regardless, even if the Court had sustained such an objection, thereby reducing Petitioner's total offense level by two levels (from 39 to 37), Petitioner's resulting Guidelines range would have been the same: 360 months to Life in prison. See USSG § 5A, Sentencing Table (showing that a Total Offense Level of 37 and a Criminal History Category of VI results in an advisory range of 360–Life). Therefore, Petitioner has not and cannot credibly claim that his sentence would likely have been different but for counsel's alleged error.

In sum, because Petitioner has failed to show any prejudice resulting from his defense counsel's alleged errors in not objecting to Petitioner's Guidelines calculation, Ground Two of Petitioner's Motion fails to state a claim of ineffective assistance of counsel and must be dismissed.

### 3. Ground Three: Counsel's Failure to File a Notice of Appeal.

Lastly, as Ground Three of Petitioner's Motion, Petitioner claims that his counsel was ineffective for failing to file a notice of appeal after Petitioner "specifically instructed him to [do so]." See "3rd Ground for Relief," ECF No. 122, at 2. In support of this claim, Petitioner submitted a sworn declaration in which he avers:

> I instructed Attorney John C. Gardner, of Gardner & Mendoza PC, to file an appeal on my behalf. Attorney Gardner did not file an appeal on my behalf. Nor did Attorney Gardner consult with me about filing an appeal on my behalf. My family attempted to call Attorney Gardner multiple times to these ends, and Attorney Gardner also ignored my family's repeated messages/requests to file an appeal on my behalf.

Declaration of Jonathan David Strader ("Decl."), ECF No. 122-1, ¶ 1.

The Fourth Circuit has held "that an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007). This obligation requires counsel to file an appeal "even if doing so would be contrary to the plea agreement and harmful to the client's interests." Id. at 273.

In view of this precedent, Ground Three of Petitioner's Motion raises a factual issue, which – if true – may entitle Petitioner to relief under 28 U.S.C § 2255. This factual issue must be resolved before the Court can adjudicate Ground Three of Petitioner's § 2255 Motion. Poindexter, 492 F.3d at 272. Therefore, the Court withholds ruling on Ground Three at this time, and the Government is directed to respond thereto as set forth below.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 Motion is **DENIED** as to all claims except Ground Three. ECF No. 122. The Government is hereby **DIRECTED** to file a response to Ground Three of Petitioner's § 2255 Motion within **SIXTY (60) DAYS** of the date hereof, after which the Court may set the matter for hearing, order additional briefing, or grant other relief as appropriate.

Petitioner is **ADVISED** that he may not appeal this Opinion and Order until the Court has resolved Ground Three of Petitioner's § 2255 Motion.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner, to the Assistant United States Attorney, and to Petitioner's former defense counsel, John C. Gardner.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
February 13, 2019